**28thUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| STANLEY JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-CV-158-DDN |
| ) | |
| BILL STANGE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented petitioner Stanley Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner also filed a motion for leave to commence this action without prepayment of the required filing fee. (ECF No. 2). Based on the motion and financial information submitted in support, the Court finds that petitioner is unable to pay the filing fee in this matter. The motion to proceed without prepayment will be granted and the fee shall be waived. *See* 28 U.S.C. § 1915(a). Furthermore, because the Court finds that this § 2254 habeas petition is successive and petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive petition, it will be denied and dismissed. *See* 28 U.S.C. § 2244(b)(3)(A).

**Prior and Pending § 2254 Petitions**

A review of the Court's own records indicates that petitioner Stanley Johnson filed a previous petition for writ of habeas corpus under 28 U.S.C. § 2254 with this Court on October 3, 2013. *See Johnson v. Wallace*, No. 4:13-CV-1994-JMB (E.D. Mo. 2013). In that petition, Johnson challenged a 2009 Missouri state court conviction for first degree murder and forcible rape. Petitioner raised five grounds for relief, including that the trial court erred when it declined to

dismiss his case after a speedy trial violation, denied his request to discharge counsel and proceed pro se, refused to accept his proposed jury instructions for second-degree murder, and denied his motion for a new trial.

The Court provided petitioner with the opportunity to show cause as to why his habeas petition should not be dismissed as time-barred pursuant to the applicable limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996. On February 25, 2016, the Court reviewed petitioner's response to the show cause order, determined that petitioner failed to allege circumstances warranting application of the doctrine of equitable tolling, and dismissed the petition as untimely. Petitioner did not file an appeal.

On July 24, 2020, petitioner filed the instant § 2254 habeas petition challenging the same 2009 Missouri state court conviction. (ECF No. 1). Petitioner raises two grounds for relief: (1) "const[itutional] right violation by counsel (stopping [him] from [his] right to a speedy trial)" and (2) a "claim of denying [him] access to the court." (ECF No. 1 at 4, 6).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is

2

a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition").

The dismissal of a habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *See, e.g., In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)).

Petitioner's prior application for writ of habeas corpus brought before this Court in 2013 was dismissed as untimely. Thus, to the extent petitioner seeks to relitigate the speedy trial claim that he brought in his original petition, that claim must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that the instant petition seeks to bring new claims for habeas relief, such as for ineffective assistance of counsel, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims to this Court. 28 U.S.C. § 2244(b)(3)(A).

Because petitioner has not received permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion. *Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals). Therefore, the petition is denied, and this action is dismissed without prejudice. Petitioner will not be prejudiced by the dismissal of this action. The Court will hear his successive petition if and only if the Court of Appeals authorizes its filing.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS SUCCESSIVE**. [ECF No. 1]

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of July, 2020.

                                                    E. RICHARD WEBBER
                                                    UNITED STATES DISTRICT JUDGE